[Cite as *Cameron v. Ohio Dept. of Transp.*, 2015-Ohio-5359.]

| | |
|---|---|
| CHARLENE CAMERON | Case No. 2015-00544-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | <u>MEMORANDUM DECISION</u> |
| Defendant | |

{¶1} Plaintiff Charlene Cameron filed this claim on June 4, 2015 to recover damages which occurred when her 2009 Buick struck a large chunk of concrete on May 28, 2015, while traveling on I-71 South near Frank Road in Franklin County, Ohio. This road is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $124.44.

{¶2} In order to recover on a claim for roadway damages against the Ohio Department of Transportation, Ohio law requires that a motorist/plaintiff prove <u>all</u> of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by the defendant.

{¶4} That the defendant knew or should have known about the dangerous road condition.

{¶5} That the defendant, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the Court finds that the plaintiff did prove that her vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by the defendant.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous

condition.    Based on the evidence presented, the Court is unable to find that the defendant had actual knowledge of the dangerous condition.    Likewise, the Court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger.    Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of...Notice presumed by law to have been acquired by a person and thus imputed to that person."  (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶8} In order for there to be constructive notice, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence.  This, the plaintiff has been unable to do.

{¶9} In the Investigation Report filed August 5, 2015 the defendant stated that the location of the incident was on IR 71 in Franklin County at state mile marker 104.0.  This section of the roadway has an average daily traffic count of between 85,490 and 96,410 vehicles.  Despite this volume of traffic, the department had received no notice of loose debris or concrete on this road immediately prior to plaintiff's incident, thus the Court is unable to find that the department knew about this chunk of concrete.  Within the past six months, the department had also conducted three hundred eighty-four (384) maintenance operations on IR 71 in Franklin County without discovering any loose debris or concrete.  A review of the inspections performed by ODOT and submitted to the Court does not show a report of loose concrete.  If there were loose debris or concrete for any appreciable length of time, it is probable that it would likely have been discovered by the department's work crews. Thus, the Court cannot find that the department should have known about this debris.  What is likely then in this case is that the concrete came into the roadway relatively shortly before plaintiff struck the debris,

affording ODOT neither time or opportunity to learn of the hazard, much less to make any repairs.

{¶10} Under Ohio law, the burden of proof in civil claims like this one rests on the plaintiff.  Admittedly, this places a difficult task on a plaintiff in a loose debris claim against ODOT. However, this is the law that is binding on this Court at the present time.

{¶11} Finally, the law in Ohio is that the department is not an absolute insurer of a motorist's safety on the highway.  The department is only liable for damage when the Court finds that it was negligent.  This the Court is unable to do.

{¶12} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

| | |
|---|---|
| CHARLENE CAMERON | Case No. 2015-00544-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____

MARK H. REED
Clerk

Entry cc:

Charlene Cameron                    Jerry Wray, Director
4747 Langton Road                   Ohio Department Of Transportation
Hilliard, Ohio 43026                1980 West Broad Street
                                    Mail Stop 1500
                                    Columbus, Ohio 43223

Filed 9/10/15
Sent to S.C. Reporter 12/21/15